UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**12 CV 6632**

---------------------------------X

UNITED STATES OF AMERICA

    Respondent

v.                                No. 03 Cr. 1277 (WHP)

RODERICK GUNN

    Petitioner

---------------------------------X

SUPPLEMENT TO PETITIONER'S MEMORANDUM OF LAW

IN SUPPORT OF 28 U.S.C. §2255 PETITION

Petitioner Gunn submits this Supplement in support of his §2255 Petition, stating an additional ground for relief.

Ground Five: Counsel Failed To Challenge Speedy Trial
        Act Violation Under 18 U.S.C. §3161(b)
        And Failed To Present The Claim In The
        Appellate Brief.

Petitioner was arrested pursuant to a Criminal Complaint with one count, for a violation of 18 U.S.C. §922(g)(5). He was thereafter arraigned before a Magistrate and thereafter detained. No Indictment was filed within the 30-day period required by §3161(b). An Information was filed on October 19, 2003 with five additional count.

1

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. §3161(b). The statute excludes several periods of time from the thirty-day limit. See 3161(h).

Petitioner now claims that his Speedy Trial Act rights under §3161(b) was violated, and counsel[s] neglected to present the claim to the district court, and the appellate court. It was counsels obligation to seek a dismissal of the charges under §3162(a)(1), or at the least, the charged that was filed in the Criminal Complaint. See United States v. Gaskin, 364 F.3d 438, 451-52 (2d Cir 2004). Counsels made no effort to present this STA violation to the courts, albeit, petitioner had prematurely raised the claim in one of his post-plea/ pre-sentence Motion. Time which plea negotiations are conducted is not automatically excludable from the federal Speedy Trial Act 's 30-day window for filing an information or indictment against an arrestee. See United States v Ramirez-Cortez, 213 F.3d at 1058 (9th Cir 2000); United States v. Mathurin, 11th Cir, No. 11-13211, 8/15/12 (citing Bloate v. United States, 559 U.S. ___, 176 L. Ed 2d 54 (2010). The Eleventh Circuit held that Congress intended to toll the 30-day limit only if the plea deal has been reduced to a proposed agreement and been presented to the trial court.

2

The Eleventh Circuit rejected the claim that plea negotiations tolled the statute under paragraph (h)(1). The Court points out that Section 3161(h)(1)(G) is the only portion of the law that specifically addresses plea negotiations and it tolls time spent in plea negotiation [only] if the proposed agreement is under consideration by the court.

Herein, the clock starts on June 25, 2003 when petitioner was arrested on a Criminal Complaint. Counsel, Roger Adler was retained shortly after, and encouraged petitioner to enter into a proffer agreement with the government. During this period, and long pass the 30-day period, no proposed plea agreement was presented to petitioner by the Government, as an excuse for the delay. The first time petitioner's was informed about a proposed plea agreement, is two minutes prior to entering his guilty plea, while being held in the holding cell. Counsel showed petitioner the plea agreement and explained to petitioner that the prior information and formality that counsel had explained to petitioner is written in the agreement, which was in fact, not altogether true. The Government was required by law to file an indictment within 30 days after petitioner arrest but neglected to do so. It was then counsel's obligation to seek a dismissal of the charges which were filed on an Information [03 Cr. 1277] approximately four months after, or at least, the dismissal of the initial charge on the Criminal Complaint, which was filed as Count Five of the Information. It was this initial 922(g)(5) offense in the criminal Complaint brought petitioner in the federal

court, and what led to a flurry of charges after the government breached the proffer agreement. An effective challenge under §3162(a)(1), was required by counsel, who neglected to do so.

In Bloate v. United States, the Supreme Court teaches that if the governing paragraphs of 3161(h)(1) does not indicate that the delay is excludable, then a court may not read the delay as falling within the (h)(1)'s scope. Because there were no proposed plea agreement between petitioner and the government between the arrest date and the date the information was filed, the delay did not fall within the excludable section of 3161(h)(1)(G). Here again, counsel's representation fell below a standard of reasonableness, and had significantly prejudiced petitioner, because it was this first charge, that spiraled over into the preceding events.

Petitioner now prays the court to grant the relief made in his §2255 Petition and supporting memorandum of Law, and to reverse the conviction and sentence against him, with an Order to dismiss the entire action against him.

Respectfully submitted

Dated: August 22, 2012

R. Gunn
_____

Roderick Gunn

Reg No. 55254-054

USP Atwater

P.O. Box 019001

Atwater, CA 95301

