UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :

RODERICK GUNN,
                                                    :        12 Civ. 6632 (WHP)
                    Petitioner,                              03 Cr. 1277 (WHP)
                                                    :

          - v -
                                                    :

UNITED STATES OF AMERICA,
                                                    :

                    Respondent.
                                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**SUPPLEMENTAL MEMORANDUM OF LAW
OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PETITIONER RODERICK GUNN'S
MOTION UNDER 28 U.S.C. § 2255 TO VACATE OR CORRECT SENTENCE**


                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York


John J. O'Donnell
Assistant United States Attorney
 *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                            :
RODERICK GUNN,
                                            :        12 Civ. 6632 (WHP)
                        Petitioner,                  03 Cr. 1277 (WHP)
                                            :
        - v -
                                            :
UNITED STATES OF AMERICA,
                                            :
                        Respondent.
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SUPPLEMENTAL MEMORANDUM OF LAW
OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PETITIONER RODERICK GUNN'S
MOTION UNDER 28 U.S.C. § 2255 TO VACATE OR CORRECT SENTENCE**

**PRELIMINARY STATEMENT**

        The Government respectfully submits this supplemental memorandum in response to the supplement filed by Petitioner Roderick Gunn ("Gunn") to his pending motion for relief pursuant to Title 28, United States Code, Section 2255 (the "Motion").  In the supplement to the Motion, Gunn argues that his counsel was constitutionally ineffective because counsel failed to challenge an alleged violation of the Speedy Trial Act.  For the reasons set forth below, this argument lacks merit.

**DISCUSSION**

        Gunn contends that his speedy trial rights were violated because an indictment was not filed within 30 days of his arrest, as required by 18 U.S.C. § 3161(b), and that counsel was ineffective because counsel failed to move to dismiss the complaint on speedy trial grounds.

1

Gunn's claim should be rejected because Gunn, through his counsel, consented to several continuances of the deadline by which the Government was required to file an indictment.

    Gunn was arrested on June 25, 2003, pursuant to a criminal complaint charging him with possession of a firearm while not lawfully present in the United States, in violation of Title 18, United States Code, Section 922(g)(5).  (A. 3).  That same day, Gunn appeared for a presentment in Magistrate's Court, and was ordered detained.   Roland Thau, Esq., represented Gunn in connection with his initial appearance, and did not waive indictment to the 30th day. Thus, the Government originally was obligated to secure an indictment (or file an information) on or before 10 business days from the date of the presentment, *i.e.*, July 10, 2003.  (A. 3-4).[1] According to a July 25, 2003 affirmation submitted by former Assistant United States Attorney Jason Sabot ("July 25, 2003 Affirmation"), Gunn's retained counsel, Susan Gans, Esq., agreed on or about July 10, 2003, to waive to the 30th day, *i.e.*, July 25, 2003.[2]  In the July 25, 2003 Affirmation, AUSA Sabot requested a 30-day continuance pursuant to 18 U.S.C. § 3161(h)(8)(A) because he had been engaged in discussions with Gunn's counsel, both Ms. Gans and Stewart Orden, Esq., concerning a possible disposition of the case, and because Mr. Orden had consented to a continuance until August 25, 2003.  On July 25, 2003, United States Magistrate Judge Michael H. Dolinger granted the continuance until August 25, 2003, finding that granting the

---

[1]   Although the docket sheet indicates that the preliminary hearing was scheduled for July 9, 2003, due to the Fourth of July holiday, the tenth day after Gunn's presentment was actually July 10, 2003.

[2]   According to the docket sheet, Ms. Gans filed a notice of appearance on July 2, 2003.  On July 18, 2003, Stewart Orden, Esq., was appointed to represent Gunn.  However, shortly after Mr. Orden's appointment, Gunn retained Roger Adler, Esq., to represent him.  Mr. Adler represented Gunn through his guilty plea on December 19, 2003.

continuance "best serves the interests of justice and outweighs the best interests of the public and the defendant in a speedy trial." (A copy of the July 25, 2003 Affirmation and Judge Dolinger's Order is attached as Exhibit A).

As reflected in the docket sheet, the Government made similar requests for a continuance pursuant to 18 U.S.C. § 3161(h)(8)(A), on consent, which were granted on August 25, 2005 (granting continuance to September 24, 2003), September 24, 2003 (granting continuance to October 8, 2003), and October 8, 2003 (granting continuance to October 23, 2003).  (A. 4; a copy of the affirmations submitted in support of these continuances are attached as Exhibit B).

Thereafter, at a proceeding on October 23, 2003, upon Gunn's waiver of indictment, the United States Attorney filed a criminal information charging Gunn in five counts. Gunn pleaded guilty to all five counts of the information before this Court on December 19, 2003, which was 57 days after the information was filed and less than the 70 days provided for under 18 U.S.C. § 3161(c)(!).[3]

Gunn's claim that his right to a speedy trial has been violated is based on his claim of an excessive lapse of time between his arrest and his indictment.  The Speedy Trial Act allows a period of thirty days between arrest and indictment, *see* 18 U.S.C. § 3161(b), except for certain periods of delay permitted by statute, *see id.* § 3161(h).  Among the excluded periods of delay are those granted by the court *sua sponte* or at the request of a party, but only upon findings

---

[3]      Moreover, in any event, the docket reflects that this Court entered orders excluding the following time from the Speedy Trial Act: November 14, 2003 to December 2, 2003; December 2, 2003 to December 12, 2003; and December 12, 2003 to December 19, 2003. (A. 5).

"that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).[4]  An exclusion of time under this provision is appropriate where the defendant consents and the Court makes specific findings that the ends of justice served by the continuance outweigh the best interests of the defendant and the public in a speedy trial.  *See Schlussel* v. *United States*, No. 11 Civ. 5860 (JFK), 2012 WL 5005666 at *4 (S.D.N.Y. Oct. 18, 2012) (rejecting claim that counsel was ineffective for failure to raise speedy trial claim where evidence shows that the court had excluded several time periods based upon the defendant's consent and specific findings that the interests of justice were best served by the exclusion of time).

Here, Gunn was engaged in complex and sensitive discussions with the Government in an effort to secure a cooperation agreement.  These discussions quite naturally took some time.  In fact, Gunn attended proffer sessions on July 2, 2003, August 29, 2003, September 9, 2003, September 24, 2003, October 29, 2003, and November 6, 2003.  (A. 99-100). Given the fact that, at the time, Gunn was meeting with the Government in order to secure the benefits of cooperation, it was entirely reasonable for counsel to consent to the continuances requested by the Government, which consent was an important factor in the decision of the various magistrate judges to grant the requested continuances based upon the finding that the interests of justice were best served by the continuance.

In sum, because counsel consented to continuances in order to allow Gunn to pursue a cooperation agreement, there was no violation of Speedy Trial Act.  Moreover, because counsel's decision to agree to the continuances was reasonable, and did not prejudice Gunn, his

---

[4]        Prior to 2008, the relevant section was 18 U.S.C. § 3161(h)(8).

4

claim that his counsel was ineffective in failing to move to dismiss the case for violation of the speedy trial act should be dismissed. *See Strickland* v. *Washington*, 466 U.S. 668, 687-89, 693-94 (1984) ("[a] court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance).

## <u>CONCLUSION</u>

For the foregoing reasons, and for the reasons set forth in the Government's April 5, 2013 memorandum, the Government respectfully requests that Gunn's Section 2255 Motion be denied and the case dismissed.

In addition, the Government requests that the Court include in its Order a finding that Gunn has not made a substantial showing of a denial of a federal right, and that appellate review is therefore not warranted. *Tankleff* v. *Senkowski*, 135 F.3d 232, 241 (2d Cir. 1998). The Government further requests that the Court find, pursuant to 28 U.S.C. § 1915(a)(3), that any

appeal taken from the Order would not be in good faith.  *Coppedge* v. *United States*, 369 U.S. 438, 445 (1962).

Dated:  New York, New York
       April 9, 2013

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York,
                              Attorney for the United States
                                 of America

                   By: _____
                          JOHN J. O'DONNELL
                          Assistant United States Attorney
                          (212) 637-2490

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                          :
UNITED STATES OF AMERICA        :
                          :
         -v-                :     <u>ORDER OF CONTINUANCE</u>
                          :
RODERICK GUNN,              :    03 Mag. 1078
                          :
           Defendant.      :         1073
                          :
- - - - - - - - - - - - - - - - - - - - X

       Upon the application of the United States of America
and the affirmation of JASON SABOT, Assistant United States
Attorney for the Southern District of New York, it is found that
defendant RODERICK GUNN was charged with a violation of Title 18,
United States Code, Section 922(g)(5);

       It is further found that the defendant was presented
before Magistrate Judge Andrew J. Peck on May 29, 2003, and that
the defendant was ordered detained;

       It is further found that Jeremy Orden, Esq., counsel
for defendant RODERICK GUNN, and Assistant United States Attorney
Jason Sabot have been engaged in, and are continuing, discussions
concerning a possible disposition of this case;

       It is further found that the Government has requested a
continuance of 30 days to engage in further discussions with
counsel about the disposition of this case and that the
defendant, through counsel, has consented that such a continuance
may be granted for that purpose and has specifically waived his

1

right to be charged in an indictment or information for an additional 30 days; and

It is further found that the granting of such a continuance best serves the ends of justice and outweighs the best interests of the public and the defendant in a speedy trial; and therefore it is

ORDERED that the request for a continuance pursuant to 18 U.S.C. § 3161(h)(8)(A) is hereby granted until August 25, 2003, and that a copy of this Order and the affirmation of Assistant United States Attorney Jason Sabot be served by mail on this date on counsel for the defendant by the United States Attorney's Office.

Dated:     New York, New York
           July _, 2003

                JUL 2 5 2003

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

                                        HON. MICHAEL H. DOLINGER
                                        United States Magistrate Judge
                                        Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
          -v-                            :        AFFIRMATION
                                         :
RODERICK GUNN,                           :        03 Mag. 1078
                                         :
               Defendant.                :
                                         :
- - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK          )
COUNTY OF NEW YORK         :  ss.:
SOUTHERN DISTRICT OF NEW YORK  )

          JASON SABOT, pursuant to Title 28, United States Code,

Section 1746, hereby declares under penalty of perjury:

          1.   I am an Assistant United States Attorney in the

Office of James B. Comey, United States Attorney for the Southern

District of New York.  I submit this affirmation in support of an

application for an extension of the order of continuance of the

time within which an indictment or information would otherwise

have to be filed, pursuant to Title 18, United States Code,

Section 3161(h)(8)(A).

          2.   The defendant, RODERICK GUNN, was charged with a

violation of Title 18, United States Code, Section 922(g)(5) in a

complaint dated May 29, 2003.  The defendant was arrested and

presented before Magistrate Judge Andrew J. Peck on June 25,

2003, and was ordered detained.

1

3.    At the presentment on June 25, 2003, counsel for RODERICK GUNN did not consent to a waiver of his client's right pursuant to Rule 5 of the Federal Rules of Criminal Procedure to a preliminary hearing within 20 days of the initial appearance and waived to the 30th day.  Accordingly, under the Speedy Trial Act the Government initially had until July 10, 2003 within which to file an indictment or information.  On or about July 10, 2003, Susan Gans, Esq., RODERICK GUNN's then-counsel, waived to the 30th day.

4.    On or July 18, 2003, Jeremy Orden, Esq. was appointed as RODERICK GUNN's counsel.  I have had ongoing discussions with Ms. Gans as wells as Mr. Orden regarding a possible disposition of this case.  Specifically, I spoke and met with Ms. Gans shortly after GUNN was arrested and spoke with Mr. Orden after his was appointed as counsel.  On July 24, 2003, Mr. Orden left me a voice mail message indicating that his client consented to a 30 day continuance until August, 25, 2003.

5.    Therefore, the Government is requesting a 30-day continuance until August 25, 2003 to continue the foregoing discussions and reach a possible disposition of this matter.

6.   For the reasons stated above, the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and defendant in a speedy trial.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:   New York, New York
         July 25, 2003

                                    _____
                                    JASON SABOT
                                    Assistant United States Attorney

3

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                        :
UNITED STATES OF AMERICA                :
                                        :
            -v-                         :      AFFIRMATION
                                        :
RODERICK GUNN,                          :      03 Mag. 1078
                                        :
                 Defendant.             :
                                        :
- - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK          )
COUNTY OF NEW YORK         :  ss.:
SOUTHERN DISTRICT OF NEW YORK  )

        JASON SABOT, pursuant to Title 28, United States Code,

Section 1746, hereby declares under penalty of perjury:

        1.    I am an Assistant United States Attorney in the

Office of James B. Comey, United States Attorney for the Southern

District of New York.  I submit this affirmation in support of an

application for an extension of the order of continuance of the

time within which an indictment or information would otherwise

have to be filed, pursuant to Title 18, United States Code,

Section 3161(h)(8)(A).

        2.    The defendant, RODERICK GUNN, was charged with a

violation of Title 18, United States Code, Section 922(g)(5) in a

complaint dated May 29, 2003.  The defendant was arrested and

presented before Magistrate Judge Andrew J. Peck on June 25,

2003, and was ordered detained.

3.    At the presentment on June 25, 2003, counsel for
RODERICK GUNN did not consent to a waiver of his client's right
pursuant to Rule 5 of the Federal Rules of Criminal Procedure to
a preliminary hearing within 20 days of the initial appearance
and waived to the 30th day.  Accordingly, under the Speedy Trial
Act the Government initially had until July 10, 2003 within which
to file an indictment or information.  On or about July 10, 2003,
Susan Gans, Esq., RODERICK GUNN's then-counsel, waived to the
30th day.

4.    On or July 18, 2003, Jeremy Orden, Esq. was
appointed as RODERICK GUNN's counsel.  I have had ongoing
discussions with Ms. Gans as wells as Mr. Orden regarding a
possible disposition of this case.  Specifically, I spoke and met
with Ms. Gans shortly after GUNN was arrested and spoke with Mr.
Orden after his was appointed as counsel.  Shortly after Mr.
Orden was appointed, the defendant hired Roger Adler, Esq. as his
lawyer.  On August 20, 2003, I met with Mr. Adler and spoke with
him concerning a disposition of this case.  We will not, however,
be able to resolve this case by the deadline under the Speedy
Trial Act, which is Monday, August 25, 2003.  On August 20, 2003,
Mr. Adler consented to granting the Government an additional 30
days withinwhich to Indict this case.

2

5. Therefore, the Government is requesting a 30-day continuance until September 24, 2003 to continue the foregoing discussions and reach a possible disposition of this matter.

6. For the reasons stated above, the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and defendant in a speedy trial. This application has been authorized by Assistant United States Attorney Douglas Jensen, Deputy Chief of the Criminal Division.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:   New York, New York
         August 22, 2003

                                    _____
                                    JASON SABOT
                                    Assistant United States Attorney

3

COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                        :
UNITED STATES OF AMERICA                :
                                        :
        -v-                             :     AFFIRMATION
                                        :
RODERICK GUNN,                          :     03 Mag. 1078
                                        :
            Defendant.                  :
                                        :
- - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK          )
COUNTY OF NEW YORK         :   ss.:
SOUTHERN DISTRICT OF NEW YORK   )

          JASON SABOT, pursuant to Title 28, United States Code,

Section 1746, hereby declares under penalty of perjury:

          1.    I am an Assistant United States Attorney in the

Office of James B. Comey, United States Attorney for the Southern

District of New York.  I submit this affirmation in support of an

application for an extension of the order of continuance of the

time within which an indictment or information would otherwise

have to be filed, pursuant to Title 18, United States Code,

Section 3161(h)(8)(A).

          2.    The defendant, RODERICK GUNN, was charged with a

violation of Title 18, United States Code, Section 922(g)(5) in a

complaint dated May 29, 2003.  The defendant was arrested and

presented before Magistrate Judge Andrew J. Peck on June 25,

2003, and was ordered detained.

1

3.    At the presentment on June 25, 2003, counsel for RODERICK GUNN did not consent to a waiver of his client's right pursuant to Rule 5 of the Federal Rules of Criminal Procedure to a preliminary hearing within 20 days of the initial appearance and waived to the 30th day.  Accordingly, under the Speedy Trial Act the Government initially had until July 10, 2003 within which to file an indictment or information.  On or about July 10, 2003, Susan Gans, Esq., RODERICK GUNN's then-counsel, waived to the 30th day.

4.    On or July 18, 2003, Jeremy Orden, Esq. was appointed as RODERICK GUNN's counsel.  I had discussions with Ms. Gans as wells as Mr. Orden regarding a possible disposition of this case.  Specifically, I spoke and met with Ms. Gans shortly after GUNN was arrested and spoke with Mr. Orden after his was appointed as counsel.  Shortly after Mr. Orden was appointed, the defendant hired Roger Adler, Esq. as his lawyer.  I have met with Mr. Adler approximately four times in connection with this case and spoke with him on numerous occassions concerning a disposition of this case.  We will not, however, be able to resolve this case by the deadline under the Speedy Trial Act, which is Wednesday, September 24, 2003.  On September 9, 2003, Mr. Adler consented to granting the Government an additional 10 days within which to Indict this case.

5.    Therefore, the Government is requesting a 10-day continuance until October 8, 2003 to continue the foregoing discussions and reach a possible disposition of this matter.

6.    For the reasons stated above, the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and defendant in a speedy trial. This application has been authorized by Assistant United States Attorney Nicole LaBarbera, Deputy Chief of the Criminal Division.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:    New York, New York
          September 24, 2003

                              _____
                              JASON SABOT
                              Assistant United States Attorney

3

COPY 10/8/03
J. Berlinger

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - X
                                            :
UNITED STATES OF AMERICA                    :
                                            :
            -v-                             :    AFFIRMATION
                                            :
RODERICK GUNN,                              :    03 Mag. 1078
                                            :
                 Defendant.                 :
                                            :
- - - - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK        )
COUNTY OF NEW YORK       :  ss.:
SOUTHERN DISTRICT OF NEW YORK    )

        JASON SABOT, pursuant to Title 28, United States Code,

Section 1746, hereby declares under penalty of perjury:

        1.   I am an Assistant United States Attorney in the

Office of James B. Comey, United States Attorney for the Southern

District of New York.  I submit this affirmation in support of an

application for an extension of the order of continuance of the

time within which an indictment or information would otherwise

have to be filed, pursuant to Title 18, United States Code,

Section 3161(h)(8)(A).

        2.   The defendant, RODERICK GUNN, was charged with a

violation of Title 18, United States Code, Section 922(g)(5) in a

complaint dated May 29, 2003.  The defendant was arrested and

presented before Magistrate Judge Andrew J. Peck on June 25,

2003, and was ordered detained.

1

3.    At the presentment on June 25, 2003, counsel for RODERICK GUNN did not consent to a waiver of his client's right pursuant to Rule 5 of the Federal Rules of Criminal Procedure to a preliminary hearing within 20 days of the initial appearance and waived to the 30th day.  Accordingly, under the Speedy Trial Act the Government initially had until July 10, 2003 within which to file an indictment or information.  On or about July 10, 2003, Susan Gans, Esq., RODERICK GUNN's then-counsel, waived to the 30th day.

4.    On or July 18, 2003, Jeremy Orden, Esq. was appointed as RODERICK GUNN's counsel.  I had discussions with Ms. Gans as wells as Mr. Orden regarding a possible disposition of this case.  Specifically, I spoke and met with Ms. Gans shortly after GUNN was arrested and spoke with Mr. Orden after his was appointed as counsel.  Shortly after Mr. Orden was appointed, the defendant hired Roger Adler, Esq. as his lawyer.  I have met with Mr. Adler approximately five times in connection with this case and spoke with him on numerous occassions concerning a disposition of this case.  We will not, however, be able to resolve this case by the deadline under the Speedy Trial Act, which is October 8, 2003.  On or about October 3, 2003, Mr. Adler consented to granting the Government an additional 10 business days within which to Indict this case.  In addition, on October

6, 2003, the Government and defense counsel filed a notice of intent to file an Information.

     5.   Therefore, the Government is requesting a 10-day continuance until October 23, 2003 to continue the foregoing discussions and reach a possible disposition of this matter.

     6.   For the reasons stated above, the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and defendant in a speedy trial. This application has been authorized by Assistant United States Attorney Nicole LaBarbera, Deputy Chief of the Criminal Division.

     I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:    New York, New York
           October 8, 2003

 

JASON SABOT
Assistant United States Attorney

3

## AFFIRMATION OF SERVICE

I, John J. O'Donnell, affirm under penalty of perjury as follows:

1.      I am an Assistant United States Attorney in the Southern District of New York.

2.      On April 9, 2013, I caused a copy of the foregoing to be served on the petitioner by First-Class Mail at the following address:

> Roderick Gunn
> Reg. No. 55254-054
> USP Atwater
> PO Box 019001
> Atwater, CA 95301

Dated: New York, New York
      April 9, 2013

John J. O'Donnell
Assistant United States Attorney
(212) 637-2490