

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA )
            Respondent )   No. 12 Civ. 6632 (WHP)
                         )
         v.              )
                         )
RODERICK GUNN            )
            Respondent   )

SUPPLEMENTAL BRIEF PURSUANT TO FED.R.CIV.P. 15, AND IN LIGHT OF ALLEYNE V. UNITED STATES.

COMES NOW, Petitioner Roderick Gunn, and respectfully moves this Court for an Order granting him leave to supplement his pending §2255 Petition in light of the recent Supreme Court decision in Alleyne v. United States, No. 11-9335. In Alleyne, the Supreme Court held that the Sixth Amendment right to have a jury determine the elements of a criminal offense beyond a reasonable doubt is violated when a judge finds a fact that increases a statutory mandatory minimum sentence by a preponderance of the evidence. The Court overruled Harris v. United States, 536 U.S. 545, and McMillan v. Pennsylvania, 477 U.S. 79, 86, with its current ruling in Alleyne.

Here, Mr. Gunn had raised numerous challenges to his §924(c) charge and sentence, which claims are affected by the Alleyne holding. In specific, Mr. Gunn had raised a claim that he did

not stipulate to the "brandishing" element of §924(c), and that the Court misapplied the elements for the charged offense when the Court informed Mr. Gunn that he was pleaded guilty to principal liability of §924(c), and not the elements of "aiding and abetting." See Bousley v. United States, 523 U.S. 614 (1998)("If the record disclosed that at the time of plea, neither the accused, nor his counsel, nor the district court correctly understood the essential elements of the crime with which he was charged, then the plea was invalid under the federal constitution"). Here, the erroneous information conveyed by the court unto Mr. Gunn, that he was pleading guilty to use of a firearm during and in relation to a crime of violence, and possession of a firearm in furtherance of a crime of violence, is distinct and separate elements from "aiding and abetting." At no time were the elements of "aiding and abetting" the use of a firearm was disclosed at the plea hearing by the court. In light of Bousley, Mr. Gunn's plea is invalid and void. The record is clear, that the court misled Mr. Gunn on the elements of "aiding and abetting." To be specific, the court failed to inform Mr. Gunn on the correct elements of "aiding and abetting" before it accepted the plea.

The Supreme Court's ruling in Alleyne is applicable to this case, but more so, the challenges to the involuntary, unknowing and void plea demands more of this Court, than just a sentencing adjustment, but rather for the entire case to be dismissed in its entirety. Wherefore, Mr. Gunn submits that the relief requested in his §2255 petition and supporting

moving papers be granted in the fair administration of justice.

                                      Respectfully submitted

July 3, 2013                            R. Gunn

                                      Roderick Gunn

cc: U.S Attorney's Office
    AUSA John Odonnell
    One Saint Andrew Plaza
    New York, N.Y. 10007.