USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/28/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -X
                                :

RODERICK GUNN,

                               :      03 Cr. 1277 (WHP)
               Petitioner,         12 Civ. 6632 (WHP)
                               :

       -against-                :      <u>MEMORANDUM & ORDER</u>

UNITED STATES OF AMERICA,

                               :

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, United States District Judge:

        Roderick Gunn, <u>pro se</u>, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Gunn claims that: (1) this Court lacked jurisdiction over him; (2) Count Three of the Information is duplicitous; (3) his guilty plea was insufficient as to Counts Three, Five, and Six; (4) his conviction on Count Three should be vacated based on the Supreme Court's decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013); and (5) his counsel provided ineffective assistance. Gunn also moves pursuant to Federal Rule of Civil Procedure 60(b)(4) to void the judgment, claiming that the Government failed to establish Article III standing. For the following reasons, Gunn's motions are denied.

## BACKGROUND

        On October 23, 2003, Gunn was charged by an Information with conspiring to commit robberies of narcotics dealers (Count One); robbery of a narcotics dealer (Count Two); carrying and brandishing of firearms during and in relation to crimes of violence and possession of firearms in furtherance of such crimes (Count Three); conspiring to possess and distribute marijuana (Count Four); and two counts of illegally possessing firearms (Counts Five and Six).

1

On December 19, 2003, Gunn entered into a cooperation agreement with the Government and pled guilty to all six counts in the Information. Later, the Government discovered that Gunn withheld information about his participation in a narcotics conspiracy and his participation in additional robberies and a homicide. After the Government informed Gunn that it would not move for a downward departure based on substantial assistance and instead would use his statements against him, Gunn moved to withdraw his guilty plea. This Court denied Gunn's motion, see United States v. Gunn, No. 03-cr-01277, 2007 WL 4456833, at *1 (S.D.N.Y. Dec. 13, 2007), and his motion for reconsideration, (Mem. & Order, dated Apr. 8, 2009 ("April Order") (ECF No. 52)).

On March 10, 2010, this Court sentenced Gunn principally to 141 months imprisonment and a five-year term of supervised release. Gunn appealed, inter alia, his sentence and the denial of his motion to withdraw his guilty plea. On April 15, 2011, the Second Circuit affirmed the judgment. United States v. Gunn, 419 Fed. App'x 106, 107 (2d Cir. 2011). On October 3, 2011, the Supreme Court denied Gunn's petition for a writ of certiorari. Gunn v. United States, 132 S. Ct. 302 (2011) (mem.). Gunn filed his habeas petition on August 28, 2012; his Rule 60(b)(4) motion on March 29, 2013; and his supplemental petition on August 8, 2013.

## DISCUSSION

I.    Legal Standard

A.    Motion Pursuant to Section 2255

A motion under Section 2255 is a "collateral attack on a final judgment," and relief is only available when there has been "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90

2

(2d Cir. 1996) (per curiam) (internal quotation marks and citation omitted). Such a motion is not a substitute for an appeal. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); see also Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998). Thus, "claims that could have been brought on direct appeal" are barred unless the movant demonstrates "cause and prejudice." Yick Man Mui v. United States, 614 F.3d 50, 54 (2d Cir. 2010).[1] To satisfy the cause requirement, Gunn must demonstrate that the failure resulted from "something external" that "cannot be fairly attributed to him." Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). Gunn alleges that his failure to raise his claims on direct appeal was the result of ineffective assistance of counsel. Such a claim may satisfy the "cause" prong and excuse Gunn's failure to raise a claim on direct appeal. See, e.g., Murray v. Carrier, 477 U.S. 478, 488 (1986).

B.      Ineffective Assistance of Counsel

To prevail on an ineffective assistance claim, a defendant must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms, and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (citations omitted) (quoting Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) (internal quotation marks omitted).

A reviewing court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Any "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690. And even decisions based

---

[1] Claims of actual innocence can also side-step this rule, see Bousley, 523 U.S. at 622, but Gunn makes no such claim.

3

on an incomplete investigation are countenanced if "reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690-91. Finally, an attorney's "[f]ailure to make a meritless argument does not amount to ineffective assistance." United States v. Regalado, 518 F.3d 143, 150 n.3 (2d Cir. 2008) (citing United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999), abrogated on other grounds by Scheidler v Nat'l Org. for Women, Inc., 537 U.S. 393, 403 n.8 (2003)); see also Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001).

II.    Waiver of Indictment

The Fifth Amendment requires that a person held for a "capital or . . . infamous crime" be charged by an indictment from a grand jury. But, like all constitutional rights, a defendant may waive the right to be charged by a grand jury and proceed by information. See Fed. R. Crim. Pro. 7(b). Such a waiver is "an act clothed in formality": it must be made in open court, the defendant must be informed of the nature of and the cause of the accusation, and the court must be satisfied that the defendant's waiver is knowing, intelligent, and voluntary. United States v. Ferguson, 758 F.2d 843, 850-51 (2d Cir. 1985); see United States v. Macklin, 523 F.2d 193, 196 (2d Cir. 1975) (per curiam). Gunn contends that he was prosecuted without waiving his right to be charged by indictment and that his counsel was ineffective for failing to raise this argument. (Mem. in Supp. of Deft's. Mot. to Vacate, Set Aside or Correct Sentence, dated Aug. 28, 2012 ("Deft's Mem.") at 4-10 (ECF No. 72).)

On October 23, 2003, this Court arraigned Gunn on the Information. While in open court, the following colloquy occurred:

THE DEPUTY CLERK:  Are you Roderick Gunn?

THE DEFENDANT:  Yes, sir.

4

THE DEPUTY CLERK:  Have you signed this waiver of indictment?

THE DEFENDANT:  Yes.

THE DEPUTY CLERK:  Before you signed it, did you discuss it with your attorney?

THE DEFENDANT:  Yes, sir.

THE DEPUTY CLERK:  Did your attorney explain it to you?

THE DEFENDANT:  Yes, sir.

THE DEPUTY CLERK:  Do you understand what you are doing?

THE DEFENDANT:  Yes, sir.

THE DEPUTY CLERK:  Do you understand that you are under no obligation to waive indictment?

THE DEFENDANT:  Yes, sir.

THE DEPUTY CLERK:  Do you understand that if you do not waive indictment, if the government wants to prosecute you, they will have to present this case to a grand jury, which may or may not indict you?

THE DEFENDANT:  Yes, sir.

THE DEPUTY CLERK:  Do you realize that by signing this waiver of indictment you have given up your right to have this case presented before a grand jury?

THE DEFENDANT:  Yes.

(Oct. 23, 2003 Tr. ("10/23 Tr.") at 3-4.)  Gunn and his attorney also signed a waiver of

indictment, witnessed by the Deputy Clerk.  (See Gov't's Mem. of Law in Opp. to Pet. Mot. to

Vacate or Correct Sent., Ex. A, Waiver of Indictment.)

On December 19, 2003, this Court accepted Gunn's guilty plea on the

Information.  During that proceeding, this Court referred to Gunn's earlier decision to proceed by

5

information rather than indictment.  In particular, this Court confirmed that Gunn "waived the right to be charged by an indictment and . . . consented to being charged by an information" and that he did so "voluntarily and knowingly." (Dec. 19, 2003 Tr. ("12/19 Tr.") at 11.)  Gunn contends that this Court's use of the past tense during the December 19, 2003 proceeding recognized Gunn's earlier waiver of indictment. (Def't's Mem. at 4.)  Gunn's contention is correct.  This Court's December 19, 2003 reference acknowledged Gunn's knowing and voluntary waiver on October 23, 2003.

Gunn's declarations under oath on October 23 and December 19, 2003 and the executed waiver agreement establish conclusively that Gunn knowingly, intelligently, and voluntarily waived his right to be prosecuted by indictment. See Ferguson, 758 F.2d at 850-51. Gunn's counsel's "[f]ailure to make [that] meritless argument does not amount to ineffective assistance." Regalado, 518 F.3d at 150 n.3 (internal citation omitted).

III.    Count Three Related Claims

    A.    Duplicity

Gunn contends that his conviction on Count Three, charging him with carrying and brandishing firearms during and in relation to crimes of violence and possessing firearms in furtherance of such crimes, in violation of 18 U.S.C. § 924(c), should be vacated because the statute is duplicitous. (Def't's Mem. at 11-16.)  He also contends that his guilty plea to this count was insufficient. (Def't's Mem. at 16-22.)  "An indictment is impermissibly duplicitous where: (1) it combines two or more distinct crimes into one count in contravention of Federal Rule of Criminal Procedure 8(a)'s requirement that there be 'a separate count for each offense,' and (2) the defendant is prejudiced thereby." United States v. Sturdivant, 244 F.3d 71, 75 (2d Cir. 2001).

Section 924(c) criminalizes the conduct of "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crimes, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).  Courts have construed the interplay between the "uses or carries" and "possesses" clauses differently.  Some circuits hold that Section 924(c) creates two separate offenses.  See United States v. Gamboa, 439 F.3d 796, 809-10 (8th Cir. 2006); United States v. Combs, 369 F.3d 925, 933 (6th Cir. 2004).  While others hold that it describes two means of committing the same offense.  See United States v. Haynes, 582 F.3d 686, 703-04 (7th Cir. 2009) amended by, 353 Fed. App'x 58 (7th Cir. 2009), abrogated on other grounds by United States v. Vizcarra, 668 F.3d 516 (7th Cir. 2012); United States v. Arreola, 467 F.3d 1153, 1157 (9th Cir. 2006).  The Second Circuit has not addressed this issue or the conflict among other circuits.  See United States v. Jackson, 513 Fed. App'x 51, 54 (2d Cir. 2013) (declining to rule on whether Section 924(c) states one or two crimes because defendant suffered no prejudice—the trial evidence established that "he possessed the weapon in furtherance of the [robbery] and then proceeded to use the weapon during and in relation to that same crime").

> Count Three of Gunn's Information alleges that:
>
> From in or about the Summer of 2001 through in or about Summer of 2002, in the Southern District of New York and elsewhere, RODERICK GUNN . . . unlawfully, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit, the [robbery conspiracy and robbery] charged in Counts One and Two of this Information, did aid and abet the use, carrying, and brandishing of firearms, and in furtherance of such crimes, did aid and abet the possession of firearms.

(Information, at 2 (ECF No. 11).)  Clearly, the Information joins both means of violating

7

Section 924(c) into one charge.  That conforms with this Circuit's rule that "[w]here there are several ways to violate a criminal statute . . . federal pleading requires . . . that an indictment charge in the conjunctive to inform the accused fully of the charges.  A conviction under such an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged."  United States v. Mejia, 545 F.3d 179, 207 (2d Cir. 2008) (internal quotation omitted).

As the Second Circuit concluded in Jackson, this Court need not reach the question of whether Section 924(c) is two separate crimes because Gunn cannot show he was prejudiced.  See Jackson, 513 Fed. App'x at 51.  At his guilty plea, Gunn admitted that "[d]uring the time period from the summer of 2001 up through the summer of 2002 . . . I conspired with others, with other individuals[,] to assist them in robbing other individuals of money and property[.]"  (12/19 Tr. at 21-22.)  Gunn went on to admit that "[his] role generally consisted of tipping off the perpetrators to a potential robbery victim who ha[d] substantial sums of cash, and due to the manner in which the money was earned, w[as] unlikely to complain to the police."  (12/19 Tr. at 22.)  Finally, he admitted that "during the period between the summer of 2001 and summer of 2002, firearms were brandished during the robberies which were committed."  (12/19 Tr. at 22.)  Gunn's allocution establishes that even if Section 924(c) were duplicitous and criminalized two separate offenses, Gunn violated the statute in both ways: he aided and abetted both the possession of firearms in furtherance of the robberies and aided and abetted their use during and in relation to the robberies.  See Jackson, 513 Fed. App'x at 51; Mejia, 545 F.3d at 207.

8

B.  Sufficiency of Gunn's Plea

Gunn alleges that his guilty plea to Count Three was insufficient because it does not establish that he aided and abetted the use, carrying, possession, and brandishing of firearms. (Def't's Mem. at 17.)  While Gunn could have raised this claim on direct appeal, he did not. Gunn's claim is procedurally barred unless he can first establish that his appellate counsel's decision not to litigate this issue on appeal constituted ineffective assistance of counsel.  See Yick Man Mui, 614 F.3d at 54; see also Murray 477 U.S. at 488.

A reviewing court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . . strategy." Strickland, 466 U.S. at 689 (internal citation omitted).  Strategic decisions based on a thorough investigation of the relevant law and facts are "virtually unchallengeable." Strickland, 466 U.S. at 690.

Gunn's appellate counsel was aware of this issue because he raised it on Gunn's motion to reconsider this Court's denial of the motion to withdraw the guilty plea.  (See Mem. of Law in Supp. of Def't's Mot. for Recons. dated Dec. 14, 2007, at 9 (ECF No. 40).)  That reconsideration motion was thorough and well-argued.  This Court denied reconsideration, finding that, "Gunn fail[ed] to show sufficient grounds to justify withdrawal of his plea."  (See April Order at 3.)  On appeal, Gunn's counsel declined to advance this specific argument. Instead, he attacked the voluntariness of the entire plea and challenged this Court's denial of Gunn's motion to withdraw his guilty plea.  The Second Circuit affirmed.  Gunn, 419 Fed. App'x at 109.  The decision to focus on Gunn's strongest arguments on appeal was a strategic one which is "virtually unchallengeable." Strickland, 466 U.S. at 690.  Because Gunn fails to show

9

that his counsel's performance was deficient, this Court need not, and does not, address whether Gunn suffered prejudice.  See Strickland, 466 U.S. at 697.

IV.    Insufficient Plea Allocution for Counts Five and Six

Gunn argues that his plea allocution is insufficient as to Counts 5 and 6.  Those counts charge Gunn with being an illegal alien in possession of firearms in violation of 18 U.S.C § 922(g)(5).  Gunn claims that he was not an illegal alien at the time he possessed the firearms because he had filed an I-130 visa application.  (Deft's Mem. at 24.)  Gunn made this same claim when he moved to withdraw his plea in 2007.  See Gunn, 2007 WL 4456833, at * 4 (citing Der-Rone Chour v. INS, 578 F.2d 464, 468 (2d Cir. 1978) ("The …approval of [an alien's] I-130 petition . . . [does not] permit him to remain in the United States.")).  This Court rejected Gunn's argument in 2007.  See Gunn, 2007 WL 4456833, at * 4.  Gunn offers no new authority that would militate toward a different conclusion.  See Delgado v. Mukasey, 516 F.3d 65, 69-75 (2d Cir. 2008) (noting that the filing of an I-130 visa application does not change removal status).

V.    Remaining Ineffective Assistance of Counsel Claims

Gunn also contends that his appellate counsel was ineffective for failing to seek review of this Court's denial of Gunn's pro se applications at sentencing (1) to apply a minor role adjustment; and (2) to grant a downward departure based on harsh pre-sentence conditions. (Deft's Mem. at 27-29.)

In denying Gunn's minor role adjustment, this Court found:

> Gunn argues that he should receive a minor role adjustment because he was primarily a tipster who helped set up the robberies. A defendant has the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role adjustment under § 3B1.2.  See United States v. Castano, 234 F.3d 111, 113 (2d Cir. 2000).

Additionally, a mitigating adjustment "will not be available simply because the defendant played a lesser role than his co-conspirators. To be eligible for a reduction, the defendant's conduct must be minor as compared to the average participant in such a crime." United States v. Raman, 189 F.3d 88, 159 (2d Cir. 1999).

Here, [G]unn admitted in his allocution to tipping off perpetrators to their robbery victims, and he received large sums of cash in return. Additionally, he acted as a look-out during some of the robberies. Accordingly, in this Court's view, [G]unn has failed to establish that he is a minor or minimal participant in these crimes, and his application for a reduction in his offense level is denied.

(3/17 Tr. at 21-22.)

And in denying Gunn's pre-sentence conditions argument, this Court held:

Gunn also argues that he should receive a reduced sentence because of his conditions of confinement, because he has been awaiting trial at MCC. The conditions of confinement at MCC are certainly not the kind of conditions that . . . would warrant any credit. They fall far short of the deplorable situations in which a court has accorded some credit. See United States v. Carty, 264 F.3d 191, 196 (2d Cir. 2001).

(3/17 Tr. at 21.)

In conclusory fashion, Gunn argues that his appellate counsel's failure to appeal those determinations constitutes ineffective assistance of counsel. But again, Gunn's counsel was aware of these issues, and his strategic decision not to advance them for the appeal is "virtually unchallengeable." Strickland, 466 U.S. at 690.[2] Gunn's counsel's decision to advance the strongest arguments on appeal was reasonable and constitutes effective assistance of counsel.

Next, Gunn claims that his counsel was ineffective because he failed to "challenge the Government's breach of the proffer agreements." (Deft's Mem. at 32.) Had he

---

[2] The Second Circuit also reviewed this Court's sentencing decision for reasonableness and affirmed it. Gunn, 419 Fed. App'x at 109-10.

done so, Gunn argues, his counsel would have established that Gunn's Fifth Amendment right against self-incrimination was violated. (Deft's Mem. at 36.) It is nearly impossible to ascertain from Gunn's submissions how his Fifth Amendment rights are implicated here. He voluntarily provided information to the Government in an effort to receive a reduced sentence by substantially assisting the Government. His efforts were successful, and he entered into that agreement on December 19, 2003. But Gunn scuttled his chance at cooperation by withholding information about narcotics conspiracies, additional robberies, and a murder. It was Gunn's decision to be less than forthright with the Government. Gunn's attorney's decision to refrain from advancing Gunn's meritless argument is not ineffective assistance of counsel. <u>See</u> <u>Regalado</u>, 518 F.3d at 150 n.3.

    Finally, Gunn claims that his counsel was ineffective for failing to argue that his rights under the Speedy Trial Act were violated. Under the Speedy Trial Act, an information or indictment must be filed within thirty days after a defendant's arrest. 18 U.S.C. § 3161. But that thirty-day period may be extended for a variety of reasons. <u>See</u> 18 U.S.C. §§ 3161(h)(1)-(8). Here, Gunn was arrested on June 25, 2003 on a criminal complaint charging him with a single count of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(5). Based on fruitful plea discussions, and with Gunn's counsel's consent, the Government filed an affidavit requesting a thirty-day continuance pursuant to 18 U.S.C. § 3161(h)(8)(A). (<u>See</u> Aff. of Jason Sabot, dated July 25, 2003 (ECF No. 6).) Magistrate Judge Dolinger granted that request. (<u>See</u> ECF Entry dated Aug. 25, 2003: Oral Order to Continue in Interests of Justice excluding time from Aug. 25, 2003 to Sept. 24, 2003.) This process repeated itself on September 24 and

October 8, 2003.[3]  During those extensions, Gunn proffered with the Government on several

occasions for the purpose of securing a cooperation agreement.  (See Appeal Appendix at 99-

100, United States v. Gunn, 419 Fed. App'x 106 (2d Cir. 2011) (No. 10-1770) (Proffer

Agreement).)

        Each extension of Speedy Trial Act time ordered by a magistrate judge is

supported by the record and authorized under 18 U.S.C. § 3161(h)(7)[4] because "the ends of

justice served by [granting the continuance] outweigh the best interest of the public and the

defendant in a speedy trial."  Thus, there was no Speedy Trial Act violation, and Gunn's

counsel's decision not to advance a frivolous motion in that regard does not constitute ineffective

assistance of counsel.  See Regalado, 518 F.3d at 150 n.3.

## VI.   Rule 60(b) Argument

        Gunn moves to void his judgment pursuant to Rule 60(b)(4) alleging that Article

III jurisdiction was never established.  Relief under Rule 60(b) is not available to Gunn.  See

Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004) ("[A Rule 60(b) motion] relates to the

integrity of the federal habeas proceeding, not to the integrity of the . . . criminal trial.") (citing

Rodriguez v. Mitchell, 252 F.3d 191, 199 (2d Cir. 2001); see also United States v. Pope, 124

Fed. App'x 680, 682 (2d Cir. 2005) ("[A Rule 60(b) motion] is not an appropriate vehicle for

defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil

Procedure govern 'suits of a civil nature.'").  In any event, Gunn's argument that this Court did

not have Article III jurisdiction is meritless.  Gunn was charged with violating federal criminal

---

[3] (See Aff. of Jason Sabot, dated Sept. 24, 2003 (ECF No. 7); ECF Entry dated Sept. 24, 2003:
Oral Order to Continue in Interests of Justice excluding time from Sept. 24, 2003 to Oct. 8, 2003;
Aff. of Jason Sabot, dated Oct. 8, 2003 (ECF No. 8); ECF Entry dated Oct. 8, 2003:  Oral Order
to Continue in Interests of Justice excluding time from Oct. 8, 2003 to Oct. 23, 2003.)
[4] At the time, this exclusion was codified at 18 U.S.C. § 3161(h)(8).

statutes, and "[t]he district courts . . . shall have original jurisdiction . . . of all offenses against the laws of the United States," 18 U.S.C. § 3231.  Accordingly, this motion is denied.

VII.   Applicability of *Alleyne v. United States*

        Gunn contends that his conviction on Count Three should be vacated based on the Supreme Court's decision in Alleyne, 133 S. Ct. 2151.  Alleyne is only applicable to this case if the Supreme Court announced a new rule of law and made it retroactive to cases on collateral review.  See United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013) (per curiam).  The Supreme Court did not.  See Redd, 735 F.3d at 91 (holding that "Alleyne did not announce a new rule of law made retroactive on collateral review"); see also In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).  Accordingly, this motion is denied.

**CONCLUSION**

For the foregoing reasons, Roderick Gunn's motions to vacate, set aside, or correct his sentence and to void his judgment are denied. Because Gunn has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 445-46 (1962). The Clerk of Court is directed to terminate all pending motions, mark the cases closed and enter judgment for the United States of America.

Dated: April 28, 2014
      New York, New York

                      SO ORDERED:

                          WILLIAM H. PAULEY III,
                               U.S.D.J.

Roderick Gunn
USM #55254-054
U.S. Penitentiary
P.O. Box 19001
Atwater, CA 95301
*Petitioner pro se*

John J. O'Donnell, Esq.
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for Respondent/Government*

15