Docket and File

D + R



UNITED STATES OF AMERICA,

    Respondent,    12 Civ 6632 (WHP)

                      03 CR 1277 (WHP)

    v.

RODERICK GUNN,

    Petitioner.

SUPPLEMENTAL BRIEF IN LIGHT OF

ROSEMOND V. UNITED STATES

    COMES NOW, Petitioner Roderick Gunn respectfully, and request of this Court to grant the filing of this supplemental brief in light of recent Supreme Court's decision in Rosemond v. United States, __ S. Ct __, 2014 WL 839184 (U.S.), concerning the interpretation of the elements of Title 18 U.S.C. § 2 (aiding and abetting). This newly pronounced rule was never available when Mr. Gunn's initial habeas petition and rebuttal brief was filed, and its authority supports Gunn's claim raised in his petition that his stipulation for Count Three failed to satisfy the "aiding and abetting" elements.

    In Rosemond, the Supreme Court held that a conviction for aiding and abetting a § 924(c) offense requires evidence sufficient to show (1) advance knowledge that a firearm would

be used and (2) the defendant facilitated the commission of the § 924(c) offense.

Here, Gunn's plea allocution records does not provide such sufficient evidence to satisfy the elements of aiding and abetting a §924(c) offense. In particular, the records revealed that Gunn stipulated as follows:

> "My role generally consisted of tipping off the perpetrators to a potential robbery victim who has a substantial sum of cash... In addition, during the period between the summer 2001 and summer 2002, firearms were brandished during the robberies which were committed.
> Plea Transcripts at pg. 22.

Gunn had already mounted a collateral challenge to count three's conviction on the grounds that he did not stipulate to aiding and abetting the §924(c) offense, and that the Court likewise failed to advise Gunn that he was pleading guilty to "aiding and abetting." Nevertheless, the newly pronounced rule in Rosemond demonstrates that Gunn's aiding and abetting conviction is unconstitutional. Nothing from the plea records established that Gunn made a fact-specific stipulation of aiding and abetting a §924(c) offense. Knowledge that firearms were brandished at the robberies is not sufficient proof of aiding and abetting, as found in Rosemond, without proof of advance knowledge, and evidence that Gunn facilitated the use, and brandishing of firearms. The Rosemond Court acknowledged that Aiding and Abetting law's intent component preserves the

distinction between assisting the predicate crime (as here-the Hobbs Act robbery and conspiracy), and assisting the broader § 924(c) offense. The intent must go to the specific and entire crime charged.

   Here, the record is void of such evidence that Gunn made a fact specific admission of aiding and abetting the § 924(c) offense. Count Three conviction cannot pass the Rosemond test, nor the constitution muster. A fundamental miscarriage of justice has occurred because Gunn was convicted and sentenced to a crime he did not stipulate to, and the court failed to inform Gunn at the plea allocution that he was charged and being allocuted for aiding and abetting. Throughout the plea allocution, the Court informed Gunn that he was pleading guilty to use of a firearm, rather that aiding and abetting the use of firearms. Wherefore, Count Three's sentence and conviction must be vacated and dismissed in light of Gunn's earlier challenges, and in light of Rosemond v. United States.

                              Respectfully submitted

Dated: April 15, 2014        R. Gunn
                              Roderick Gunn

# CERTIFICATE OF SERVICE

I, __Roderick Gunn__ herby certify that I have served a true and correct copy of the following: __Supplemental Brief In Light of Rosemond v United States__

<u>Which is deemed filed at the time it was delivered to prison authorities for forwarding, Houston v. Lack,</u> 101L. Ed. 2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S. Attorney's Office
Attn: John O'Donnell (AUSA)
One Saint Andrew Plaza
New York, NY 10007

and deposited same in the United States Mail at:

USP Atwater
P.O. Box 019001
Atwater CA 95301

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this __16th__ day of __April__, 20__14__.

__R. Gunn__

⇔55254-054⇔
Roderick Gunn
United State Penitentiary
P.O. Box 019001
Atwater, CA 95301
United States

SACRAMENTO CA 957
17 APR 2014 PM 7 L

USM
SDNY
P3

⇔55254-054⇔
Court Clerk
500 Pearl ST
Attn: Hon. William Pauley
NEW YORK, NY 10007
United States

100078131S C014

Legal Mail