TRULINCS 55254054 - GUNN, RODERICK - Unit: BRO-H-B

------------------------------------------------------------------------

FROM: 55254054
TO:
SUBJECT:
DATE: 11/01/2023 10:10:22 AM


Roderick Gunn
Reg. No. 55254-054
MDC-Brooklyn
P.O. Box 329002
Brooklyn, N.Y. 11232

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

November 1, 2023

Re: United States v. Gunn, 03 Cr. 1277 & 12-CV-6632

Dear Judge Hellerstein:

    I am the defendant in the above entitled action. Currently my case is pending before Your Honor pursuant to a remand by the Second Circuit Court of Appeals, in light of United States v. Davis, 139 S. Ct. 2319 for consideration of whether the concurrent sentencing doctrine prevents the court from reviewing my Davis claim, seeing that I will be resentenced in SI 06 Cr. 911 (my second federal case). Your Honor had entered an Order in my second federal case, SI 06 Cr. 911, stating that I must not submit pro se filings because counsel is appointed to the case.

    In this instant case (03 Cr. 1277 & 12-cv-6632), there are no appointed counsel, and all the prior filings were done pro se. I had filed a Rule 60(b) Motion in this case, but it was never addressed by the Court. Also, I believe I have a serious lack of subject-matter jurisdiction claim, which was raised in my Section 2255 motion (12-cv-6632), but the late William H. Pauley had assessed the claims incorrectly, and the lack of jurisdiction claim still exists.

    Accordingly, I am requesting leave to refile my pro se motions in 03 Cr. 1277 and/or 12-cv-6632, which includes: (a) Motion under Rule 60(b)(4), (b)(5), and (b)(6) to reopen my 2255 proceeding regarding a Rahaif claim; (b) Motion To Vacate Section 924(c) in light of the Second Circuit's remand for consideration of concurrent sentencing doctrine, and US v. Davis, 139 S. Ct 2319. This Motion is strongly supported by the Second Circuit's decision in United States v. Biba, 788 Fed. App'x 70 (2d Cir. 2019); and (c) Motion to Take Judicial Notice and to Dismiss Case for a lack of subject-matter jurisdiction in absence of a valid "waiver of Indictment" proceeding that was presided by an Article III Judge or a Magistrate Judge.

    These motions are filed in good faith with merits, whereas, the conviction in 03 Cr. 1277 also produce collateral immigration consequences. In the alternative, I am requesting of the Court to appoint counsel to the case if the Court decline to allow my pro se filings.

Respectfully submitted,

*R. Gunn*
Roderick Gunn